**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAVITRI C., <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, *et al.*, <br><br> Respondents. | HON. JOHN MICHAEL VAZQUEZ <br><br> Civil Action <br> No. 18-13831 (JMV) <br><br> **MEMORANDUM OPINION** |

1. This matter comes before the Court on Petitioner's September 12, 2018 filing of a petition – through counsel – under 28 U.S.C. § 2241 (the "Petition"). Petitioner, by way of that Petition, seeks "to remedy her future unlawful detention and to enjoin Respondents from detaining and deporting her to Guyana." (Pet., ECF No. 1 at PageID: 1-2.) Petitioner also requests that the Court issue an order enjoining Respondents from detaining or removing Petitioner from the United States during the pendency of this matter. (*See* Proposed Order, ECF No. 1-2.)

2. The Court has gleaned the following information about Petitioner's immigration proceedings from the Petition and the documents submitted in support thereof: Petitioner is a native and citizen of Guyana who entered the United States in 2001. (ECF No. 1-1 at PageID: 44.) On October 23, 2002, Petitioner – who was also then represented by counsel – was ordered removed, *in abstentia*, from the United States by an immigration judge ("IJ"), based on Petitioner's failure to appear at her removal hearing on that date. (*Id.* at PageID: 42-43.)

3. On December 9, 2002, IJ Eugene Pugliese denied Petitioner's first motion to reopen her immigration proceedings via a Decision and Order issued on that date. (*Id.* at PageID: 50.)

4. In October 2009, Petitioner and ICE executed an Order of Supervision which noted, *inter alia*, that Petitioner was ordered removed from the United States on October 23, 2002; that ICE had not yet effectuated Petitioner's deportation; and that Petitioner agreed to appear in person "upon each and every request of ICE, [including] for identification and for deportation or removal." (*Id.* at PageID: 68.)

5. On May 28, 2010, IJ Pugliese denied Petitioner's second motion to reopen her immigration matter via an Order issued on that date. (*Id.* at PageID: 72.)

6. On July 2, 2010, Petitioner filed a petition for writ of habeas corpus, pursuant to § 2241, in this District at Civil Action No. 2:10-3402 (PGS) (Petitioner's "First Habeas Action"). The habeas petition filed by Petitioner in the First Habeas Action raises substantially the same claims and arguments that are again being asserted by Petitioner in her current Petition. Judge Sheridan held a hearing on Petitioner's claims in the First Habeas Action on July 7, 2010. (*See* First Habeas Action at ECF No. 2.) On July 12, 2010, the Government advised the Court that the parties "reached an alternate resolution" in the First Habeas Action. (*Id.* at ECF No. 3.) Judge Sheridan dismissed the First Habeas Action on July 15, 2010 at the joint request of the parties. (*Id.* at ECF No. 4.)

7. On July 10, 2018, Petitioner requested that ICE join her in filing a motion to reopen her immigration proceedings. (ECF No. 101 at PageID: 52.) ICE declined to do so on August 3, 2018. (*Id.*)

8. The foregoing represents the only information that the Court has been able to glean from the documents and information provided by Petitioner. It therefore remains entirely unclear to this Court whether Petitioner ever filed the third motion to reopen in spite of ICE's refusal to join. It is also unclear whether Petitioner has any other immigration proceedings pending before

the immigration court or the Board of Immigration Appeals (the "BIA").[1] Likewise, Petitioner in no way explains what the terms of the "alternate resolution" she reached with the Government in 2010 were, nor does she explain what additional occurrences transpired between 2010 and 2018 in light of that resolution.

9. In her current Petition, Petitioner avers that she "is presently under an Order of Supervision requiring her to report to the U.S. Office of Detention and Removal.[2] She is in custody under color of law and under the direct control of Respondents and/or their agents. She has been order[ed] by U.S. Immigration Customs and Enforcement officers ("ICE") to purchase a ticket to depart on October 1, 2018, obtain a passport, and to appear at their office on September 25, 2018." (ECF No. 1 at PageID: 2.)

10. Petitioner, via the only formal claim raised in her counseled Petition, argues that she is entitled to habeas relief from this Court because her Fifth Amendment right to due process has been violated, *i.e.*, that the foregoing immigration proceedings demonstrate that she has been deprived of liberty without being heard in a meaningful manner. (*See* Pet. at First Claim for Relief, ECF No. 1 at PageID: 22-23.) Petitioner further requests that this Court "issue an order enjoining

---

[1] The Petition suggests – but never expressly confirms – that Petitioner is subject to a final order of removal. (*See* ECF No. 1 at PageID: 3 (averring that "[n]on-citizens subject to a final order of removal are considered to be 'in custody' for purposes of habeas corpus relief.").)

[2] There is nothing in the record to suggest that Petitioner has ever been detained by immigration officials. The Court recognizes, as a general matter, that the fact that a habeas petitioner is not being detained, in and of itself, does not divest district courts of habeas jurisdiction. *See Chehazeh v. Att'y Gen. of the United States*, 666 F.3d 118 (3d. Cir. 2006) (reversing district court's dismissal of § 2241 petition for failing to satisfy 28 U.S.C. § 2241's "in custody" requirement where petitioner – who was not being held in immigration detention – argued that the removal proceedings against him nonetheless constituted a significant restraint on his liberty that satisfied the custodial requirement of § 2241).

Respondents from detaining her and removing her pending proceedings before this Court[.]" (*Id.* at 23.)

11.     The foregoing makes clear that Petitioner, by way of the present Petition, seeks to challenge her upcoming removal, stay or otherwise delay that removal, and/or challenge the decisions of the immigration court denying adjustment of her legal status.  This is the only relief sought by Petitioner in the present Petition, and this Court is without subject matter jurisdiction to consider these claims.  The Court lacks jurisdiction because 8 U.S.C. § 1252(g), as amended by the REAL ID Act. Pub L. No. 10943, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to [(1)] commence proceedings, [(2)] adjudicate cases, or [(3)] execute removal orders.'"  *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 134 (3d Cir. 2012) (quoting *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

12.     The Court will therefore dismiss Petitioner's Petition because it does not have jurisdiction to consider the claims raised therein.  *See Abunasser v. Holder*, 343 F. App'x 756, 759 (3d Cir. 2009) (affirming district court's dismissal of habeas § 2241 petition for lack of subject matter jurisdiction where petitioner claimed that immigration judge's refusal to reopen immigration proceedings violated his right to due process); *accord Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) ("a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]"); *see also* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

13. The Court recognizes that if Petitioner's order of removal became administratively final either upon affirmance by the BIA or upon expiration of time to so appeal – as it appears may have already happened in this case – Petitioner's challenges to that order or decision could be entertained only by the proper Court of Appeals, not this Court. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act"). Generally, where a habeas application is filed in a wrong venue or with a court that lacks jurisdiction, the filing court may direct transfer of that application to the appropriate forum if such transfer is in "furtherance of justice." *Accord* 8 U.S.C. § 1252(a)(5) and 28 U.S.C. §§ 1631, 2241(d). Here, however, such transfer is not appropriate. This Court cannot construe the Petition as a petition for review because the statements made in the Petition do not allow this Court to determine whether Petitioner's removal order has been finalized. *See*, *e.g.*, *Shnewer v. Tsoukaris,* No. 13-5659, 2013 WL 5592416, at *2 (D.N.J. Oct. 9, 2013) (same) (citing *Alcantara v. Att'y Gen. of the United States*, No. 08–3978, 2009 U.S.App. LEXIS 11952 (3d Cir. Jan. 26, 2009). Therefore, no transfer will be directed. However, this Court's determination as to the propriety of transfer shall not be construed as barring Petitioner from filing a timely petition for review with the appropriate Court of Appeals on Petitioner's own in the event her removal order has been finalized.

14. As a result, Petitioner's request for a preliminary injunction is also denied. Generally speaking, a preliminary injunction requires that a plaintiff demonstrate that (1) she is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1988). In this

case, as outlined above, Petitioner's request for habeas relief will be denied and her Petition will be dismissed. Thus, she is not entitled to a preliminary injunction because she has not shown a likelihood of success on the merits. An appropriate Order accompanies this Memorandum Opinion.

9/20/18          s/ John Michael Vazquez
Date          JOHN MICHAEL VAZQUEZ
         United States District Judge